IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR00865 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL KLEINSCHMIDT, | ) | UNITED STATES' SENTENCING MEMORANDUM |
| | ) | |
| Defendant. | ) | |

The United States of America, by its counsel, Michelle M. Baeppler, First Assistant United States Attorney, and Margaret A. Kane, Assistant United States Attorney, respectfully submits this memorandum setting forth the United States' position regarding the sentencing for Defendant, Michael Kleinschmidt ("Kleinschmidt"). For the reasons set forth below and those to be articulated at the sentencing hearing, the United States submits that a guideline sentence is appropriate in this case and asks that Kleinschmidt be sentenced to the required fifteen-year mandatory minimum sentence as required by statute.

On December 14, 2021, Kleinschmidt was indicted on one count of Receipt of Visual Depictions of Real Minors Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. §2252(a)(2); one count of Transportation of Visual Depictions of Real Minors Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. §2252(a)(1); and one count of Possession of Child Pornography, in violation of 18 U.S.C. §2252A(a)(5)(B). (R. 1: Indictment, PageID 1-2). Kleinschmidt plead guilty to Counts 1 and 2 of the Indictment on April 7, 2022, with a written plea agreement. (R. 18: Presentence Report Investigation, PageID 108). The government will move to dismiss Count 3 at sentencing. Counts 1 and 2 both carry a statutory mandatory minimum term of imprisonment of fifteen years up to 40 years; a fine of $250,000; Supervised

Release for a minimum of five years up to 20 years; and a Special assessment of $100 and $5,000.[1]

According to the Presentence Investigation Report ("PSR"), based on a total offense level of 32 and a criminal history category of II, Kleinschmidt's advisory Guideline imprisonment range after acceptance of responsibility is 135-168 months.  (R. 18: PSR, PageID 120).  However, the statutorily authorized minimum sentences are greater than the maximum of the applicable guideline range, therefore the guideline term of imprisonment is 180 months.  (Id.).

**I.      FACTUAL BACKGROUND**

To support its sentencing position, the United States offers the following summary of Defendant Kleinschmidt's conduct. The United States also refers the Court to the factual description included in the PSR.  (Id., 109-12).

>   A.      KLEINSCHMIDT UPLOADS CHILD PORNOGRAPHY TO A CLOUD
>           BASED STORAGE SYSTEM

The Ohio Internet Crimes Against Children (ICAC) Task Force received multiple tips from the National Center for Missing and Exploited Children (NCMEC) stating that child pornography was uploaded to Synchronoss[2] by a user with telephone number (216) 870-5454. (Id. PageID 109).  Investigators obtained content from this Synchronoss account and verified it

---

[1] Kleinschmidt faces increased penalties due to his prior sex offense conviction, Pandering Sexually Orientated Matter Involving a Minor, in CR-12-568968, in Cuyahoga County Court of Common Pleas, on May 15, 2013.

[2] Synchronoss Technologies Inc. provides cloud services for many companies including Verizon cellular.  It provides cloud, digital, messaging, and network management platforms, products, and solutions in multiple countries and continents across the world.  http:  finance.yahoo.com (last accessed July 18, 2022).

contained 21 image files and 164 video files of child exploitation material. Investigators determined that the account's IP addresses belonged to Kleinschmidt. (Id.)

Investigators executed a search warrant at Kleinschmidt's house. (Id.). Multiple electronic devices including desktop computers, computer towers, external hard drives, tablets, USB drives, and a cell phone were seized. (Id., PageID 110). Forensic examination revealed Kleinschmidt's devices contained 8,153 pictures and 5,750 videos of child pornography. (Id.).

During the execution of the search warrant, Kleinschmidt agreed to be interviewed and stated, "I know what this is all about," "uh well obviously I'm downloading child porn again." Kleinschmidt stated he had been getting child pornography from a chat site for a few years, downloads frequently, and was last on the website the morning of the search. Kleinschmidt admitted that investigators would likely find child pornography on his cell phone. (Id., PageID 109-10). Kleinschmidt further stated that he prefers early teen boys but looks at both male and female material. He stated he does not know why he is attracted to children. Kleinschmidt masturbated to the child exploitation material he downloads. (Id.). Counseling in the past did not help. A representative sample of the images are detailed in the PSR including images of infants, toddlers, and videos showing adults performing sex acts on pre-pubescent children. One twelve-minute video shows a pre-pubescent minor perform oral sex on an adult male and then the adult male engages in vaginal and anal sex with the minor using a sex toy. (Id).

Investigators located four photographs of the defendant holding down a minor male in his bedroom. In three photos, the defendant is pulling down the minor's pants and one photo shows his genitalia exposed. Kleinschmidt stated he did not sexually assault the boy, but "dropped his trousers and that's as far as it went." (Id.). Kleinschmidt stated he probably would not pass a polygraph if asked whether he ever had hands-on contact with a minor. Investigators attempted

to identify both the child in the photograph and the child taking the photograph but were unable to verify the boys' identities or obtain any disclosure that Kleinschmidt had sexually assaulted them. (Id.).

## II. APPLICATION OF § 3553(A) FACTORS

### A. NATURE AND CIRCUMSTANCES OF THE OFFENSE

The Government refers to the Statement of Facts section herein and Defendant's PSR for descriptions of the nature and circumstances of the offenses in the case at bar. (Id., PageID 109-11). Most importantly, Kleinschmidt continued to download and save images and videos of child pornography after he was convicted of the same exact type of conduct. His history shows that prison did not rehabilitate him and did not stop his behavior. In just three short years of being released from prison, Kleinschmidt collected a treasure trove of thousands of images and videos of child pornography.

### B. HISTORY AND CHARACTERISTICS OF THE DEFENDANT

Kleinschmidt's criminal history shows that he has been downloading child pornography for thirty years. His first conviction was at the age of 31 when he provided obscene books and materials to juvenile males under the age of 13. (R. 18: PSR, PageID 115). Kleinschmidt served one and a half years in prison. Kleinschmidt again engaged in similar conduct in 2013 when he used peer-to-peer software to download child pornography and possessed hundreds of images of child pornography in his residence. (Id.). Kleinschmidt served seven years in prison and in 2018 he was granted the privilege of judicial release. Approximately three years later, investigators began receiving tips that Kleinschmidt was yet again downloading child pornography and investigated the current case.

Kleinschmidt grew up in a two-parent household and reports having a "normal" childhood. (Id., PageID 117). He grew up in a middle class/white collar suburban neighborhood and denied any neglect or abuse. (Id). Kleinschmidt served in the military from 1982 to 1989 or 1990 (Id., PageID 119). Kleinschmidt denies any mental health issues. (Id., PageID 118). He attended court-ordered group and individual counseling from 2018-2019. However, in his statement to law enforcement he stated that this did not help. Kleinschmidt was formerly an alcoholic but currently has no drug or alcohol problems. (Id.). Kleinschmidt is a high school graduate and earned an associate degree in computer science. (Id.). Prior to being incarcerated he worked as a laborer at a foundry and at All Erection Crane. (Id.).

**III.     MONETARY PENALTIES**

    A.     THE AMY, VICKY, AND ANDY CHILD PORNOGRAPHY VICTIM ASSISTANCE ACT OF 2018 (AVAA) GENERALLY

The *Amy, Vicky, and Andy Child Pornography Victim Assistance Act* of 2018 (AVAA), enacted on December 7, 2018, made a number of changes to existing child pornography laws, specifically with regard to restitution. Specifically, the law: (1) provides that restitution must be ordered for all "child pornography trafficking offenses" of no less than $3,000 per victim; (2) imposes a new special assessment for those defendants who are convicted of certain child pornography related offenses; (3) permits victims of child pornography trafficking offenses to seek a one-time payment of $35,000 from a reserve fund; (4) amends the definition of "sexually explicit conduct" under 18 U.S.C. § 2256(2); and (5) adds 18 U.S.C. § 3509(m)(3), which allows victims, their attorneys, and any purported expert to access a victim's own sexually explicit images during any criminal proceeding. Of particular importance in this case is the provision that sets a floor of $3,000 in restitution to the victims depicted in the Defendant's images that have submitted a claim for a monetary loss.

>   B.  PAROLINE V. UNITED STATES, THE 2014 U.S. SUPREME COURT CASE ON RESTITUTION IN CHILD EXPLOITATION CASES

In Paroline v. United States, 134 S. Ct. 1710 (2014), the Supreme Court held that a child-pornography victim was entitled to restitution from a possessor of her images, even though "the victim did not know who [the defendant] was and . . . none of her claimed losses flowed from any specific knowledge about him or his offense conduct." Id. at 1718, 1722.  Employing a proximate-cause standard, it explained that "a court applying § 2259 should order restitution in an amount that comports with the defendant's relative role in the causal process that underlies the victim's general losses." Id. at 1727.  The amount must not be "a token or nominal amount," even in a case involving possession (as Paroline was) or receipt (as here), as opposed to production. Id.  Rather, a "reasonable and circumscribed award imposed in recognition of the indisputable role of the offender in the causal process underlying the victim's losses and suited to the relative size of that causal role" is necessary. Id.; (noting that such an award "serve[s] the twin goals of helping the victim achieve eventual restitution for all her child-pornography losses and impressing upon offenders the fact that child-pornography crimes, even simple possession, affect real victims").

In deciding the appropriate amount of restitution, "a court must assess as best it can from available evidence the significance of the individual defendant's conduct in light of the broader causal process that produced the victim's losses." Id.  Importantly, "[t]his cannot be a precise mathematical inquiry and involves the use of discretion and sound judgment." Id.; accord Id. (reaffirming that it is "neither necessary nor appropriate to prescribe a precise algorithm for determining the proper restitution amount").  Factors that may be relevant, if known, include the total "amount of the victim's losses caused by the continuing traffic in the victim's images," "the number of past criminal defendants found to have contributed to the victim's general

losses," "reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses," "whether the defendant reproduced or distributed images of the victim," and "how many images of the victim the defendant possessed." Id. As the Supreme Court warned, however, "[t]hese factors need not be converted into a rigid formula, especially if doing so would result in trivial restitution orders." Id.

    C.    THE 2018 AVAA REGARDING RESTITUTION

As indicated above, restitution to victims of convicted child pornography offenders is "mandatory." 18 U.S.C. § 2259. The AVAA provides that any defendant convicted of "trafficking in child pornography" must pay a minimum of $3,000 in restitution per victim for each count of conviction. Trafficking in child pornography is defined as violations of the following sections of Title 18 of the United States Code:

- Section 2251(d) [advertising or publishing child pornography];

- Sections 2252, 2252A(a)(1) through (5) [generally possession, receipt, transportation, distribution, and access with intent to view child pornography];

- Section 2252A(g) (in cases in which the series of felony violations exclusively involves violations of sections 2251(d), 2252, 2252A(a)(1) through (5), or 2260(b) [child exploitation enterprises]; and

- Section 2260(b) [importation of child pornography into the United States].

18 U.S.C. § 2259(c)(3).

The amount of restitution ordered is not dependent on a defendant's ability to pay. Instead, it is based upon a court's determination of the "full amount" of losses incurred by a victim as a result of the trafficking in child pornography depicting the victim. 18 U.S.C. §

2259(b)(2). The term "full amount of the victim's losses" includes any costs incurred, or that are reasonably projected to be incurred in the future, by the victim, as a proximate result of the offenses involving the victim; and in the case of trafficking in child pornography offenses, as a proximate result of all trafficking in child pornography offenses involving the same victim, including:

    (A) medical services relating to physical, psychiatric, or psychological care;

    (B) physical and occupational therapy or rehabilitation;

    (C) necessary transportation, temporary housing, and childcare expenses;

    (D) lost income;

    (E) attorneys' fees, as well as other costs incurred; and

    (F) any other losses suffered by the victim as a proximate result of the offense.

18 U.S.C. § 2259(c)(2)(A)-(F).

The court "may not decline to issue an order under this section because of—(i) the economic circumstances of the defendant; or (ii) the fact that a victim has, or is entitled to, receive compensation for his or her injuries from the proceeds of insurance or any other source." 18 U.S.C. § 2259(b)(4)(B).

    D.    <u>RESTITUTION REQUESTS IN THIS CASE</u>

The Nation Center for Missing and Exploited Children (NCMEC) identified 18 image files and 8 video files from Kleinschmidt's collection that depicted children <u>previously identified</u> by law enforcement[3]. These identified images came from 22 separate series. Of those, 3 victims

---

[3] According to forensic reports and search warrant productions, Kleinschidt had over 8,153 images and 5,750 videos depicting child pornography.

have submitted requests for restitution in Kleinschmidt's case.  The majority of the thousands of images and videos recovered from Kleinschmidt's devices have not been identified by NCMEC.

The requests below and supporting documentation are attached to the Presentence Report.  The Government is in the process of contacting victims or their representatives to obtain input towards a potential agreement towards restitution.  Should the parties not be able to reach an agreement prior to sentencing, the government will present the below requests and ask the Court to order restitution to each victim in an amount consistent with case law cited above.

| **Victim/Series** | **# of images/ videos** | **Restitution requested** | **Payable to:** |
|---|---|---|---|
| "SpongeB" | 1 video | $58,415 | "Marsh Law Firm PLLC in trust for Andy" Marsh Law Firm PLLC Attn:  Andy 548 Market St. #65135 San Francisco, CA 94104-5401 |
| "Tara" | 1 video | No less than $3,000 | To be provided to probation |
| "Best Necklace" | 1 image | No restitution requested | |

E.  FINE

The PSR finds that Kleinschmidt does not have the ability to pay a fine in this case and the United States agrees.

F.  18 U.S.C. § 3014 ADDITIONAL SPECIAL ASSESSMENT

Kleinschmidt is also subject to a mandatory $5,000 Additional Special Assessment under 18 U.S.C. § 3014.  The statute states, in pertinent part:

> Beginning on the date of enactment of the Justice for Victims of Trafficking Act of 2015 and ending on September 30, 2021, in addition to the assessment imposed under section 3013, **the court shall assess an amount of $5,000 on any non-indigent person or entity convicted of an offense under**—

> (1) chapter 77 (relating to peonage, slavery, and trafficking in persons);
>
> (2) chapter 109A (relating to sexual abuse);
>
> **(3) chapter 110 (relating to sexual exploitation and other abuse of children)**;
>
> (4) chapter 117 (relating to transportation for illegal sexual activity and related crimes)....

18 U.S.C. § 3014(a) (emphasis added).  These assessments are deposited in the Domestic Trafficking Victims' Fund and awarded as grants or enhanced programming for victims pursuant to 18 U.S.C. §§ 3014(c) and (e)(1).  Because Kleinschmidt has been convicted of an offense under Chapter 110, the Court must impose this additional special assessment unless it finds he is unable to pay; however, both Defendant's current and future financial status is to be evaluated when making the indigency determination under § 3014.[4]  That is, negative net worth at the time of sentencing is not dispositive of the issue.[5]  If "at some point" a defendant would be able to pay the Additional Special Assessment, "[t]his ability to earn money in the future preclude[s] a finding of indigence for purposes of § 3014."[6]

      Kleinschmidt is a high school graduate and holds two associate degrees.  (R. 18:  PSR, PageID 118).  While not incarcerated he maintained employment recently as a laborer and previously at a crane company.  (Id.).  Kleinschmidt reports that he has money in both a savings and checking account and has a Roth IRA account.  Although different from his significant other's account, Kleinschmidt states that he owes $4,000 in student loans, an unknown amount

---

[4] See United States v. Shepherd, 922 F.3d 753 (6th Cir. 2019).  See also United States v. Janatsch, 722 F. App'x 806, 810-11 (10th Cir. 2018).

[5] United States v. Kelley, 861 F.3d 790, 801-802 (8th Cir. 2017).

[6] Id.

of credit card debt, and a mortgage. (Id., PageID 119). While he may not have $5,000 on hand to pay the Special Assessment now - he can participate in the IFRP while incarcerated, which affords him the future ability to pay the additional special assessment. Therefore, Kleinschmidt should be ordered to pay the $5,000 additional special assessment.

## IV. CONCLUSION

For these reasons and those to be articulated at the sentencing hearing, the United States respectfully requests that the Court impose a term of imprisonment within the applicable Guidelines range and sentence Kleinschmidt to the mandatory minimum sentence of 180 months, 15 years.

                                                              Respectfully submitted,
                                                              MICHELLE M. BAEPPLER
                                                              First Assistant United States Attorney

By:   /s/ Margaret A. Kane
       Margaret A. Kane (OH: 0082084)
       Assistant U.S. Attorney
       801 West Superior Avenue, Suite 400
       Cleveland, Ohio 44113
       Tel. No. (216) 622-3785
       E-mail: Margaret.Kane@usdoj.gov